IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| LANCE ANTONE BAILEY, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 05-CV-564-TCK-SAJ |
| ) | |
| GARY ALEXANDER; ) | |
| JASON MORRIS, ) | |
| ) | |
| Defendants. ) | |

## OPINION AND ORDER

This is a 42 U.S.C. § 1983 civil rights action. On February 2, 2006, Defendants filed a "motion to dismiss/motion for summary judgment and brief in support" (Dkt. # 14), along with a Special Report (Dkt. # 15). On February 22, 2006, Plaintiff, a state inmate appearing *pro se*, filed a motion for summary judgment (Dkt. # 18). Defendants filed a response (Dkt. # 20) to Plaintiff's motion for summary judgment. On May 30, 2006, Plaintiff filed a response (Dkt. # 34) to Defendants' motion to dismiss/motion for summary judgment. On June 2, 2006, Defendants filed a reply (Dkt. # 35) to Plaintiff's response. For the reasons discussed below, the Court finds Plaintiff failed to properly exhaust administrative remedies prior to filing his complaint. Therefore, Defendants' motion for summary judgment shall be granted on the issue of exhaustion and the complaint shall be dismissed without prejudice. Defendants' motion to dismiss and Plaintiff's motion for summary judgment shall be declared moot.

### *BACKGROUND*

In his complaint (Dkt. # 1), Plaintiff alleges that on December 27, 2004, at approximately 6:45 a.m., he was assaulted while working on the campus of Oklahoma State University on a job assignment with Oklahoma Correctional Industries ("OCI"). At the time of the incident, Plaintiff

was a state inmate housed at Dick Conner Correctional Center ("DCCC"), located in Hominy, Oklahoma. According to Plaintiff, an unknown assailant hit him on the head with what appeared to be a book bag. Oklahoma State University Police arrived and completed an incident report (Dkt. # 15, Ex. 6). Plaintiff was taken back to DCCC where, at approximately 1:00 p.m., he was given medical treatment for his complaints of head and neck pain (Dkt. # 15, Exs. 7, 8, and 9).

On July 28, 2005, Plaintiff filed a grievance (Dkt. # 1, Ex. J-1) concerning the events of December 27, 2004. The grievance was returned unanswered as a result of Plaintiff's failure to file the grievance within fifteen (15) days of the incident. (Id., Ex. J-5) Plaintiff appealed the reviewing authority's response. The appeal was returned unanswered because no informal action had been taken within the required time frame and the grievance based on the December 27, 2004, incident was out of time. (Id., Ex. J-7). Plaintiff also provided copies of a "request to staff" dated July 1, 2005 (Dkt. # 1, Ex. J-5), and a second "request to staff," dated August 12, 2005 (Dkt. # 1, Ex. I).

In his complaint, Plaintiff names as defendants Gary Alexander and Jason Morris, both identified as Supervisors for OCI. He claims Defendant Alexander violated his constitutional rights by failing to train and supervise his employees. Plaintiff claims Defendant Morris violated his constitutional rights by being deliberately indifferent to his serious medical needs and by taunting him. Plaintiff states that he is entitled to "$100,000.00, declaratory relief that Jason Morris wantonly inflicted pain by failing to seek prompt medical attention, injunctive relief ordering prompt medical evaluation of all injuries on the OCI job." (Dkt. # 1).

In response to the complaint, Defendants filed a "motion to dismiss/motion for summary judgment" (Dkt. # 14), alleging, *inter alia*, that Plaintiff failed to exhaust administrative remedies prior to filing his complaint. Defendants also filed a Special Report (Dkt. # 15).

2

*ANALYSIS*

**A. Summary judgment standard**

The Court may grant summary judgment "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits, if any, show that there is no genuine issue of material fact and that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). When reviewing a motion for summary judgment, the Court must view the evidence in the light most favorable to the nonmoving party. Applied Genetics Int'l, Inc. v. First Affiliated Sec., Inc., 912 F.2d 1238, 1241 (10th Cir. 1990). "However, the nonmoving party may not rest on its pleadings but must set forth specific facts showing that there is a genuine issue for trial as to those dispositive matters for which it carries the burden of proof." Id. The Court cannot resolve material factual disputes at summary judgment based on conflicting affidavits. Hall v. Bellmon, 935 F.2d 1106, 1111 (10th Cir. 1991). However, the mere existence of an alleged factual dispute does not defeat an otherwise properly supported motion for summary judgment. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 247-48 (1986). Only material factual disputes preclude summary judgment; immaterial disputes are irrelevant. Hall, 935 F.2d at 1111. Similarly, affidavits must be based on personal knowledge and set forth facts that would be admissible in evidence. Id. Conclusory or self-serving affidavits are not sufficient. Id. If the evidence, viewed in the light most favorable to the nonmovant, fails to show that there exists a genuine issue of material fact, the moving party is entitled to judgment as a matter of law. See Anderson, 477 U.S. at 250.

Where a *pro se* plaintiff is a prisoner, a court authorized "Martinez Report" (Special Report) prepared by prison officials may be necessary to aid the Court in determining possible legal bases for relief for unartfully drawn complaints. See Hall, 935 F.2d at 1109. The Court may treat the

3

Martinez Report as an affidavit in support of a motion for summary judgment, but may not accept the factual findings of the report if the Plaintiff has presented conflicting evidence. Id. at 1111. The Plaintiff's complaint may also be treated as an affidavit if it is sworn under penalty of perjury and states facts based on personal knowledge. Id. The Court must also construe Plaintiff's *pro se* pleadings liberally for purposes of summary judgment. Haines v. Kerner, 404 U.S. 519, 520 (1972). When reviewing a motion for summary judgment it is not the judge's function to weigh the evidence and determine the truth of the matter but only to determine whether there is a genuine issue for trial. Anderson, 477 U.S. at 249.

**B. Exhaustion of Administrative Remedies**

Pursuant to the Prison Litigation Reform Act ("PLRA"), "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). This provision applies "to all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong." Porter v. Nussle, 534 U.S. 516, 532 (2002). Moreover, exhaustion of administrative remedies under the PLRA is required for all inmates seeking relief in federal district court regardless of the type of relief available under the institutional administrative procedure. Woodford v. Ngo, 126 S.Ct. 2378 (2006); Booth v. Churner, 532 U.S. 731, 741 (2001). The statutory exhaustion requirement is mandatory, and this Court is not authorized to dispense with it. See Beaudry v. Corr. Corp. of America, 331 F.3d 1164, 1167 n.5 (10th Cir. 2003). There is no futility exception to § 1997e(a)'s exhaustion requirement. Booth, 532 U.S. at 741 n. 6 ("[W]e stress the point . . . that we will not read futility or other exceptions into statutory exhaustion requirements

4

where Congress has provided otherwise."). To satisfy the exhaustion requirement, an inmate must comply "with an agency's deadlines and other critical procedural rules because no adjudicative system can function effectively without imposing some orderly structure on the course of is proceedings." Ngo, 126 S.Ct. at 2386. As a result, "the PLRA exhaustion requirement requires proper exhaustion." Id. at 2387. An inmate's failure to exhaust administrative remedies under the PLRA is an affirmative defense and the inmate is not required to specially plead or demonstrate exhaustion in his complaint. Jones v. Bock --- U.S. ---, 2007 WL 135890 (Jan. 22, 2007) (abrogating Steele v. Federal Bureau of Prisons, 355 F.3d 1204 (10th Cir. 2003)). An inmates' compliance with the PLRA exhaustion requirement as to some, but not all, claims does not warrant dismissal of the entire actions. Id. (abrogating Ross v. County of Bernalillo, 365 F.3d 1181 (10th Cir. 2004)).

**C. Defendants are entitled to judgment as a matter of law**

The Court finds that in this case, the evidence, viewed in the light most favorable to Plaintiff, fails to show that there exists a genuine issue of material fact as to whether Plaintiff satisfied the exhaustion requirement of the PLRA prior to filing his complaint. The DOC grievance procedure, see Dkt. # 14, Ex. 1, calls for submission of a grievance within 15 calendar days of the incident or the date of the response to the "request to staff" form, whichever is later. A "request to staff" must be submitted within 7 calendar days of the alleged incident to be timely. See id. The reviewing authority is required to respond to the grievance within 15 working days of receipt of the grievance. If dissatisfied with the response by the reviewing authority, the inmate may then appeal to the administrative review authority within 15 calendar days of receipt of the reviewing authority's response. The ruling of the administrative review authority is final and concludes the internal

administrative remedy available to the inmate/offender within DOC's jurisdiction. Id.

Plaintiff's claims in this case fall squarely within the PLRA's exhaustion requirement because Plaintiff was "confined in any jail, prison, or other correctional facility" when those claims arose. Cf. Robbins v. Chronister, 402 F.3d 1047, 1054 (10th Cir. 2005) ("Constitutional claims arising *before* the events causing the plaintiff's incarceration are unrelated to prison confinement."). In support of their dispositive motion, Defendants present evidence supporting their argument that Plaintiff failed to exhaust his administrative remedies in accordance with DOC's grievance policy which provides that a claim has not been exhausted until the prisoner properly and timely files an appeal to the administrative review authority and that authority issues a response to the appeal. See Dkt. # 14, Ex. 1 at ¶ VII(D); Dkt. # 14, Ex. 2. The evidence provided by the parties demonstrates that Plaintiff did not file his grievance until seven (7) months after the incident. As a result, he failed to comply with DOC's deadlines and did not properly exhaust administrative remedies as required by the PLRA. Ngo, 126 S.Ct. at 2387.

In response to Defendants' motion, Plaintiff makes no attempt to controvert Defendants' evidence. See Dkt. # 34. Instead, Plaintiff claims that his placement in restricted housing immediately after the incident prevented him from exhausting administrative remedies and that since his complaint is against OCI, he should not be required to exhaust DOC's administrative remedies. The Court rejects both of Plaintiff's claims. Pursuant to DOC policy, inmates placed in restricted housing are provided access to request to staff and grievance forms. See Dkt. # 35, Ex. 1 at 6. Furthermore, OCI is a program within DOC. See Dkt. # 35, Ex. 2 at 1. Therefore, Plaintiff's claims against OCI were grievable issues under DOC policy. See Dkt. # 14, Ex. 1 ¶ II(A)(1) (providing that "[a] grievance may be used to address issues regarding conditions of confinement, actions of staff,

and incidents occurring within or under the authority and control of the Department of Corrections that have personally affected the inmate/offender making the complaint and for which a remedy may be allowed by the department").

Upon review of the record, the Court finds that nothing provided by Plaintiff controverts Defendants' summary judgment evidence indicating that Plaintiff failed to follow DOC procedures for exhausting available administrative remedies for the claims raised in the instant complaint. The evidence, viewed in the light most favorable to Plaintiff, fails to show that there exists a genuine issue of material fact as to the exhaustion issue. Therefore, the Court concludes Defendants are entitled to judgment as a matter of law and their motion for summary judgment shall be granted. The complaint shall be dismissed without prejudice for failure to exhaust administrative remedies as required by 42 U.S.C. § 1997e(a). A separate judgment shall be entered for Defendants. Defendants' motion to dismiss and Plaintiff's motion for summary judgment shall be declared moot.

**ACCORDINGLY, IT IS HEREBY ORDERED** that:

1. Defendants' motion for summary judgment (Dkt. # 14) is **granted**.

2. Defendants' motion to dismiss (Dkt. # 14) is **declared moot**

3. Plaintiff's motion for summary judgment (Dkt. # 18) is **declared moot**.

4. Plaintiff's complaint (Dkt. # 1) is **dismissed without prejudice** for failure to exhaust administrative remedies.

5. A separate Judgment shall be entered in favor of Defendants.

DATED this 2nd day of February, 2007.

TERENCE KERN

                                                UNITED STATES DISTRICT JUDGE